IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEAN ELEANOR D.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 20-3369** |
| **v.** | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| | ************ | |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jean D. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

follow, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) are **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

Plaintiff protectively filed an application for DIB on June 13, 2016, and an application for SSI on August 15, 2016, alleging disability beginning on November 18, 2015.  R. at 17.  After the Commissioner denied Plaintiff's claims initially and on reconsideration, she requested a hearing.  R. at 17.  On May 24, 2019, Administrative Law Judge ("ALJ") Nycole Watson held a hearing where Plaintiff and a vocational expert ("VE") testified.  R. at 53-95.  At the hearing Plaintiff amended her alleged onset date of disability to December 11, 2016.  R. at 59-60.  The ALJ thereafter found on October 1, 2019, that Plaintiff became disabled on May 8, 2018, but that she was not disabled before that date.  R. at 13-37.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since December 11, 2016, and that her severe impairments before May 8, 2018, were degenerative disc disease of the cervical spine and degenerative joint disease of the right shoulder.  R. at 20.  Beginning on May 8, 2018, she also had the severe impairments of right carpal tunnel syndrome and chronic pain syndrome.  R. at 20.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 23-24.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") before May 8, 2018,

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she was able to occasionally lift 20 pounds and frequently lift and/or carry 10

pounds.  She could stand and/or walk for a total of about 4 hours in an 8-hour workday and sit for about 6 hours total in an 8-hour workday.  Her pushing and pulling was [sic] limited to 10 pounds.  She could never climb ladders, ropes, or scaffolds or crawl, and could perform all other postural maneuvers on an occasional basis.  She was limited to frequent handling.  She needed to avoid concentrated exposure to hazardous machinery and unprotected heights.

R. at 24.[3]  In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform before May 8, 2018, her past relevant work as an accounting clerk and bookkeeper.  R. at 29-30.  Beginning on May 8, 2018, however, Plaintiff had the RFC only to perform a limited range of sedentary work (R. at 28).[4]  The ALJ thus found that Plaintiff was not disabled before May 8, 2018, but she became disabled on that date and continued to be disabled through October 1, 2019.  R. at 31.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on November 19, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. §§ 404.1567(a), 416.967(a).  "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  *Id.*

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.  *See id.*  If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.  *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012).  The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.  *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.  If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erred in finding that her left ankle fracture, right arm fracture, lumbar disc disease, carpal tunnel syndrome, obesity, depression, and anxiety were not severe impairments. Pl.'s Mem. Supp. Mot. Summ. J. 10-14, ECF No. 15-1. However, "[a] claimant must make only a *de minimis* showing to advance beyond step two. To that end, a claimant need only establish, and an ALJ need only find, one severe impairment." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citation omitted). "Thus, the failure to find a

particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Id.*; *see Todd Michael M. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-382, 2020 WL 2319114, at *4 (D. Md. May 11, 2020). In any event, the ALJ sufficiently explained why she found certain impairments not to be severe and cited to substantial evidence in the record. R. at 20-23. Moreover, although the ALJ did not address a lumbar spine disorder at step two, the ALJ noted Plaintiff's complaints of low back pain before December 11, 2016, but also noted her lumbar spine's mild degenerative changes. R. at 25. As Defendant also points out, the ALJ considered Plaintiff's chronic pain syndrome and back pain and noted no treatment before May 8, 2018 (R. at 22, 27). Thus, Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Plaintiff then maintains that the ALJ failed to include in the RFC assessment all her limitations from her non-severe impairments. Pl.'s Mem. Supp. Mot. Summ. J. 13, ECF No. 15-1. Indeed, "[w]hen a claimant has several impairments, including non-severe impairments, the administrative law judge must consider their cumulative effect in making a disability determination." *Britt v. Saul*, 860 F. App'x 256, 261 (4th Cir. 2021). Here, although the ALJ did not specifically address Plaintiff's non-severe impairments in the RFC analysis, "neither [the Fourth Circuit's] caselaw nor the regulations explicitly require this." *Id.* at 262. Rather, the ALJ "is only required to *consider* these non-severe impairments." *Id.* "And even if specifically addressing these impairments was required, [the Court's] review is not frustrated by this omission as these impairments were addressed under step two and deemed to be non-severe limitations." *Id.* "The discussion in step-two that these limitations had a minimal impact on

vocation and were being managed tells [the Court] what impact these limitations had in the residual-functional-capacity analysis." *Id.* Thus, the Court "can conduct a meaningful review without making an administrative law judge repeat [herself]." *Id.* For these reasons, Plaintiff's argument in this regard is also unavailing.

Again, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock*, 667 F.3d at 472. When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the Court defers to the ALJ's decision. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Because substantial evidence in the record supports the decision of the ALJ, who applied the correct legal standards here, the Court affirms the Commissioner's final decision.

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) are **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: November 12, 2021                                /s/
                                         Thomas M. DiGirolamo
                                         United States Magistrate Judge